995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Israel SANCHEZ, Defendant-Appellant.
 No. 92-1891.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 Israel Sanchez, a federal prisoner, appeals his judgment of conviction entered upon his guilty plea to one count of distributing cocaine base within 1000 feet of a school and one count of carrying a firearm in relation to a drug trafficking offense. See 21 U.S.C. §§ 841(a)(1) and 860; 18 U.S.C. § 924(c). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument on appeal.
 
 
 3
 Sanchez was indicted in July 1991 on six counts of distributing crack cocaine and two counts of using a firearm in relation to a drug trafficking offense. At a pretrial proceeding, Sanchez exhibited bizarre behavior, prompting the court to refer him for psychiatric evaluation. The district court granted defense counsel's motion for the appointment of an expert mental health professional of the defendant's choosing for further evaluation. At a competency hearing, held on February 25, 1992, the expert witnesses for both the prosecution and the defense concurred that Sanchez was competent to stand trial, and the court so found. Sanchez subsequently pleaded guilty to counts 6 and 8 and was sentenced on June 30, 1992, to 147 months imprisonment and 8 years supervised release.
 
 
 4
 On appeal, Sanchez argues that: (1) he received ineffective assistance of counsel because the report which formed the basis of the testimony offered by the limited licensed professional retained by his attorney was not reviewed by a psychologist, and (2) the trial judge failed to consider the impact of Sanchez' psychotropic medication on his ability to knowingly and voluntarily plead guilty.
 
 
 5
 Upon careful review, we affirm the district court's judgment because Sanchez has not met his burden of showing ineffective assistance of counsel and the district court did not err in finding that Sanchez knowingly and voluntarily pleaded guilty.
 
 
 6
 "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). "The customary procedure followed in this situation by the various circuits is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255. When, however, the record is adequate to assess the merits of the defendant's allegations, some courts will consider them." Id.
 
 
 7
 We find sufficient evidence in the record of this appeal to determine the merits of Sanchez' ineffective assistance claim. In a guilty plea context, the defendant must establish that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 8
 Sanchez has not met either prong of the Hill test. Sanchez' sole basis for asserting deficient performance by his counsel is that the expert witness retained by counsel did not comply with state law in preparing and submitting his report. He does not challenge the expert's methodology or even his conclusions. Further, Dr. Kolito's credentials as a certified forensic examiner and expert in forensic psychology remain unchallenged. Because Dr. Kolito evaluated and counseled Sanchez on several occasions while he was at Wayne County Jail, counsel's decision to retain him to evaluate Sanchez for the purpose of the competency hearing can not be considered deficient.
 
 
 9
 Moreover, an examination of the state statute cited by Sanchez indicates that Dr. Kolito's report falls within the statute's exception to the general rule of supervision by a fully licensed psychologist for "duties performed as an employee of a governmental entity...." Mich.Comp.Laws Ann. § 333.18223(2). The administrative rule cited by Sanchez is inapplicable to this situation. That rule merely places a notice requirement on public advertising by a limited-license psychologist. Mich.Admin.Code R 338.2514(8)(a) (1982 Supp.)
 
 
 10
 Even if it is assumed that effective counsel would either have had Dr. Kolito's report reviewed by a fully-licensed psychologist or retained a fully-licensed psychologist in the first place, Sanchez does not show that, but for this error, there is a reasonable probability that he would not have pleaded guilty but would have insisted on going to trial. He merely states that "Dr. Kolito's decision was an important factor in Defendant's decision to plea [sic] guilty." (Appellant's Brief at 12) (emphasis added). This is insufficient to satisfy the prejudice prong of Hill.
 
 
 11
 In addition, the trial court did not err in finding that Sanchez knowingly and voluntarily pleaded guilty under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 12
 Sanchez does not argue that the district court did not fully explain the charges against him, the maximum penalties he faced, and the rights he was waiving, or that it did not comply with any other specific requirement set forth by the Constitution or Fed.R.Crim.P. 11. Importantly, Sanchez does not even argue that he did not understand any of these things when he pleaded guilty. Rather, he attempts to insert an additional technical requirement that the district court affirmatively ascertain (presumably, from an expert witness) the possible side effects of any medication the defendant might have been taking.
 
 
 13
 During the colloquy, the court noted that Sanchez had been treated for mental illness. Immediately afterward the following exchange took place:
 
 
 14
 The Court: Okay. Right now, are you under the influence of any drugs?
 
 
 15
 The Defendant: Yes, I use a drug.
 
 
 16
 The Court: Now? What do you use now?
 
 
 17
 The Defendant: Cocaine.
 
 
 18
 The Court: No, no. You don't use cocaine now, do you, you're in jail?
 
 
 19
 The Defendant: No, no, I don't use it now.
 
 
 20
 The Court: Now, I mean right now--
 
 
 21
 The Defendant: No.
 
 
 22
 The Court: --as you stand here in court, right now.
 
 
 23
 The Defendant: No, I don't use.
 
 
 24
 The Court: Are you under the influence of any drug, right now?
 
 
 25
 The Defendant: No. No.
 
 
 26
 Where the court has scrupulously followed the required procedures for taking a guilty plea, "the defendant is bound by his statements in response to that court's inquiry." Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). Because Sanchez stated under oath that he was not under the influence of any drugs at the time of his plea and because his participation in the colloquy was rational and exhibited understanding of the charges against him, the terms of the plea agreement, and the rights he was waiving, the district court was justified in finding that Sanchez' plea was knowing and voluntary.
 
 
 27
 Accordingly, the district court's judgment, entered July 1, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation